IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Frenchis Gerald Abraham, #296575, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>A. J. Padula, )<br>)<br>Respondent. )<br>) | Civil Action No. 6:08-2286-PMD-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## **BACKGROUND OF THE CASE**

The record reveals that the petitioner is currently confined in Lee Correctional Institution the South Carolina Department of Corrections pursuant to orders of commitment of the Florence County Clerk of Court. The petitioner was indicted at the January 2003 term of the Florence County Grand Jury for murder, accessory after the fact of murder, possession of weapon during crime of violence, conspiracy to commit murder, two counts of assault and battery with intent to kill, two counts of accessory after the fact of assault and battery with intent to kill, pointing and presenting a firearm and possession of pistol by person under the age of 21. He was represented by attorney W. James Hoffmeyer, Jr. On September 23, 2003, the petitioner pleaded guilty to voluntary manslaughter and assault and battery with intent to kill (two counts). He was sentenced by the Honorable James E.

Brogdon, Jr., to confinement for a period of 30 years for voluntary manslaughter and 20 years for assault and battery with intent to kill, to run concurrently. The petitioner did not appeal his conviction or sentence.

The petitioner made an application for post-conviction relief filed September 9, 2004, and amended December 9, 2004. The respondent made its return on June 10, 2005. An evidentiary hearing into the matter was convened on March 13, 2006, at the Florence County Courthouse before the Honorable J. Michael Baxley, Presiding Judge. The petitioner was present at the hearing and was represented by attorney Kathy Elmore. The respondent was represented by Robert L. Brown of the South Carolina Attorney General's Office. In his application, the petitioner alleged that he was being held in custody unlawfully for the following reasons:

(1)    Ineffective assistance of counsel for failing to prepare and present defense;

(2)    Ineffective assistance of counsel for failing to request a preliminary hearing;

(3)    Ineffective assistance for failing to quash indictments; and

(4)    Subject-matter jurisdiction.

At the hearing, the petitioner proceeded on the above issues and raised the additional issues that trial counsel was ineffective in failing to conduct a ballistics investigation, for failing to conduct a crime scene investigation, for failing to investigate the petitioner's mental health history, and for failing to file a direct appeal. At the hearing, the petitioner testified on his own behalf. Testifying on behalf of the State was plea counsel W. James Hoffmeyer, Jr. At the conclusion of the hearing, Judge Baxley orally denied relief. On May 3, 2006, a written order of dismissal was entered.

The petitioner made an appeal from the denial of state post-conviction relief. On appeal, he was represented by Wanda H. Carter of the S.C. Commission on Indigent

2

defense, Division of Appellate Defense. On April 2, 2007, counsel Carter made a *Johnson* petition for writ of certiorari and petition to be relieved as counsel, asserting as the sole arguable ground: "[T]he PCR court erred in denying petitioner's allegation that he did not voluntarily and knowingly waive his right to a direct appeal." The petitioner made a *pro se* petition on April 14, 2007. On July 20, 2007, Abraham moved *pro se* to supplement the record to include attached records that he claimed he received from the Department of Juvenile Justice on April 25, 2007. On August 15, 2007, the South Carolina Supreme Court denied the motion to supplement the record. On January 10, 2008, the Supreme Court of South Carolina entered its order "after careful review of the record as required by Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988)" denying the petition and granting counsel's request to be relieved.

In his *pro se* petition now before this court, the petitioner makes the following allegations:

> I.  Ineffective Assistance of Counsel for failing to investigate Petitioner's mental health status (based upon newly discovered evidence)
>
>   A.  Counsel had duty to investigate Petitioner's mental health where he knew that Petitioner had been treated for mental health, but felt that it was associated with prior drug counseling and where evidence discovered after appeal to highest state court having jurisdiction suggest that Petitioner was entitled to present the defense of insanity or attempt to obtain a verdict of guilty but mentally ill and suggest that Petitioner's competency was an issue during the guilty plea. Proceedings because Petitioner suffered from mental illness and was not taking meds.
>
> II. Ineffective assistance of counsel for failing to conduct a ballistics investigation.
>
>   A.  Counsel had duty and failed to fulfill duty to conduct a ballistics investigation where it was known that Petitioner and another co-defendant both disengaged firearms in the commission of the act, there were three victims with ballistics taken from only one of the victims and Petitioner was charged as the principal based on the fact

3

        that he fired more shots than his co-defendant who only fired one or two shots before his gun jammed.

III.    Petitioner was entitled to present the defense of insanity or to attempt to obtain a verdict of guilty but mentally ill.

    A.    Newly discovered evidence reveal that Petitioner was suffering from mental illness which would have rendered him insane at the time the crime was committed or mentally ill.

IV.    Petitioner was not competent to plead guilty and waive fundamental rights and was entitled to presentence investigation and competency hearing.

    A.    Newly discovered evidence revealed that Petitioner was suffering from mental illness and was prescribed medication. Petitioner testified that he was not being given his prescribed medication. Counsel informed the trial court, in relation to mental illness, had received some type of counseling but felt it was in relation to drug counseling, prosecution acknowledged that Petitioner had received some counseling before trial court and Rule 5 material reveal he was ordered to attend mental health.

    B.    Petitioner asserts that this ground is based upon newly discovered evidence. after Petitioner filed appeal to highest state court having jurisdiction and could not have been discovered with due diligence prior due to ineffective assistance of counsel.

V.    Ineffective assistance for failing to file a direct appeal.

    A.    Counsel had a duty and failed to fulfill duty to file a direct appeal where petitioner requested that counsel file a direct appeal, but counsel testified that there were no meritorious issues so he did not file direct appeal.

In an motion for amendment to his petition, the petitioner filed two additional grounds which were granted by the court:

VI.    Conviction obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the defendant.

    A.    Prosecution had in its actual and /or constructive possession evidence that the defendant was

4

> diagnosed with mental illness, was prescribed medication and was ordered by the family court to attend mental health counseling. Prosecution failed to disclose this evidence to the defendant and the Court prior to and on the date of the guilty plea proceeding. Newly discovered evidence reveal that the prosecution had this evidence in its actual and/or constructive possession. Subsequently, prosecution misrepresented the facts during the plea colloquy. This ground is based on newly discovered evidence discovered after appeal to highest state court.

VII.  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and consequences of the plea.

>   A.  Newly discovered evidence suggest that at the time of the guilty plea defendant was diagnosed with mental illness that made it difficult for him to connect his behavior with its consequences to appreciate the significance of the proceedings, to make a reasoned choice among the alternates presented to him, to rationally aid his attorney in his defense and was prescribed medication that he was not taking at the time of his plea. These facts are based on newly discovered after appeal to the highest state court.

On December 1, 2008, the respondent filed a motion for summary judgment. By order filed December 2, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On December 2, 2008, the respondent filed an amended motion for summary judgment, and a second *Roseboro* order was filed on December 3, 2008. The petitioner filed his response to the summary judgment motion on February 12, 2009. The petitioner has also filed the following motions, which are now pending: (1) motion for discovery and to appoint counsel, filed September 19, 2008; (2) motion for psychiatric services, filed January 8, 2009; and (3) motion for discovery and to appoint counsel, filed January 8, 2009.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Title 28, United States Code, Section 2244(d), provides:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim
> or claims presented could have been discovered through
> the exercise of due diligence.
>
> (2)     The time during which a properly filed application for
> State post-conviction or other collateral review with respect to
> the pertinent judgment or claim is pending shall not be counted
> toward any period of limitation under this subsection.

## **ANALYSIS**

The respondent argues that the petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). This court agrees. The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The petitioner's conviction became final ten days after the date of his guilty plea, September 23, 2003, as this was the last date on which he could serve a notice of appeal to the South Carolina Supreme Court. Rule 203(b)(2), SCACR. Thus, his conviction became final on October 3, 2003. Accordingly, the limitations period expired on October 3, 2004, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2).

The petitioner filed a state PCR application on September 9, 2004. At that point, 341 days of non-tolled time had run since the period of limitations began on October 3, 2003. The period of limitations was tolled during the pendency of the PCR until no later than January 28, 2008, when the South Carolina Supreme Court remitted the case to the lower court after denying certiorari review. *See, e.g. Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action).

As the petitioner is a prisoner, he should have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), which held that a prisoner's pleading is filed

7

at the moment of delivery to prison authorities for forwarding to the District Court. In his petition now before this court, the petitioner states that he placed his pleading in the prison mailing system on June 15, 2008 (pet. at 14). Accordingly, 139 days of non-tolled time accrued from the disposition of the PCR on January 28, 2008, until the petitioner signed his federal petition now before this court. Accordingly, a total of 480 days (341 + 139) of non-tolled time passed, and thus the petition was filed 115 days after the statute of limitations expired.

Based upon the foregoing, the petition was not timely filed, and it is barred by Section 2244(d)(1).[1]

## CONCLUSION AND RECOMMENDATION

Being "mindful that Congress enacted § 2244(d) 'with the ... purpose of curbing the abuse of the statutory writ of habeas corpus,'" *Allen v. Mitchell*, 276 F.3d 183, 186 (4th Cir. 2001) (quoting *Crawley v. Catoe*, 257 F.3d 395, 400 (4th Cir. 2001)), this court concludes that the petition in this case was untimely filed, even when properly tolled.

Wherefore, based upon the foregoing, it is recommended that the respondent's amended motion for summary judgment (doc. 36) be granted. *See Rouse v. Lee*, 339 F.3d 238, 257 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004) (affirming dismissal of petition filed one day late). The pending nondispositive motions will be held in abeyance pending the district court's disposition of the dispositive motions. Should the district judge adopt this court's recommendation, these motions will be rendered moot.

February 27, 2009                                           s/William M. Catoe
Greenville, South Carolina                          United States Magistrate Judge

---

[1] No issue of equitable tolling has been raised. The petitioner does not address the statute of limitations argument in his brief in opposition to summary judgment.