# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

Frenchis Gerald Abraham, #296575, )
                                          )
             Petitioner,     )
                                          )       Civil Action No.: 6:08-2286-PMD-WMC
            v.                     )
                                          )
A.J. Padula,                          )       **ORDER**
                                          )
            Respondent.     )
_____)

       This matter is before the court upon Petitioner Frenchis Gerald Abraham's ("Petitioner") Objections to a United States Magistrate Judge's Report and Recommendation ("R&R") that Respondent's Motion for Summary Judgment be granted and that his petition pursuant to 28 U.S.C. § 2254 be denied. Having reviewed the entire record, including Petitioner's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND & PROCEDURAL HISTORY

       Petitioner is an inmate at Lee Correctional Institution. He was indicted in January 2003 for murder, accessory after the fact of murder, possession of weapon during a crime of violence, conspiracy to commit murder, two counts of assault and battery with intent to kill, two counts of accessory after the fact of assault and battery with intent to kill, pointing and presenting a firearm, and possession of a pistol by a person under the age of 21. He was represented by counsel, and on September 23, 2003, Petitioner pleaded guilty to voluntary manslaughter and two counts of assault and battery with intent to kill. On the same day, he received 30 years' imprisonment for voluntary manslaughter and 20 years' imprisonment for assault and battery

with intent to kill, both sentences to run concurrently. Petitioner did not appeal his conviction or sentence.

On September 9, 2004, Petitioner filed an application for post-conviction relief and amended it on December 9, 2004. An evidentiary hearing was held, and at the hearing Petitioner was present and represented by counsel. In his application, Petitioner alleged he was being held in custody unlawfully for the following reasons:

(1) Ineffective assistance of counsel for failing to prepare and present defense;

(2) Ineffective assistance of counsel for failing to request a preliminary hearing;

(3) Ineffective assistance for failing to quash indictments; and

(4) Subject-matter jurisdiction.

At the hearing, Petitioner proceeded on the above issues and raised the additional issues that trial counsel was ineffective in failing to conduct a ballistics investigation, for failing to conduct a crime scene investigation, for failing to investigate Petitioner's mental health history, and for failing to file a direct appeal. At the hearing, Petitioner testified on his own behalf, and testifying for the State was plea counsel Mr. Hoffmeyer. At the conclusion of the hearing, the judge orally denied Petitioner his requested relief, and on May 3, 2006, a written order of dismissal was entered.

Petitioner appealed the denial of his PCR application. On appeal, his attorney made a *Johnson* petition for a writ of certiorari and petition to be relieved as counsel, asserting as the sole issue on appeal: "[T]he PCR court erred in denying petitioner's allegation that he did not voluntarily and knowingly waive his right to a direct appeal." Petitioner made a pro se petition on April 14, 2007, and on January 10, 2008, the South Carolina Supreme Court denied his petition and granted his appellate counsel's request to be relieved.

Petitioner then filed a petition pursuant to § 2254 with this court, and in the petition, he asserts numerous grounds for relief, including: (1) ineffective assistance of counsel for failing to investigate Petitioner's mental health status; (2) ineffective assistance of counsel for failing to conduct a ballistics investigation; (3) he was entitled to present the defense of insanity or to attempt to obtain a verdict of guilty but mentally ill; (4) he was not competent to plead guilty and waive fundamental rights and was entitled to presentence investigation and competency hearing; (5) and ineffective assistance for failing to file a direct appeal. The court subsequently permitted Petitioner to amend his petition to assert two additional grounds for relief: (6) conviction obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the defendant; and (7) conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and consequences of the plea.

On December 1, 2008, Respondent filed a motion for summary judgment, and on December 2, Respondent filed an amended motion for summary judgment, asking that the court dismiss Petitioner's petition since it was filed outside the one-year statutory deadline set forth in 28 U.S.C. § 2244(d). Petitioner has responded to Respondent's motion and also filed a motion for discovery and a motion to appoint counsel, as well as a motion for psychiatric services. The Magistrate Judge found that Petitioner failed to timely file his petition; therefore, he recommended the court dismiss Plaintiff's petition as time barred. Petitioner objects to this recommendation.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that "[a] 1-year statute of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The Magistrate

3

Judge concluded that—in Petitioner's case—the one-year statute of limitations ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244 (d)(1)(A). As discussed above, Petitioner pleaded guilty to voluntary manslaughter and two counts of assault and battery with intent to kill on September 23, 2003 and was sentenced on the same day. Although Petitioner had ten days to serve a notice of appeal to the South Carolina Supreme Court, Rule 203(b)(2), SCACR, he did not appeal his conviction or sentence. Thus his judgment became final on October 3, 2003. Accordingly, the statute of limitations to file his § 2254 petition would have expired on October 3, 2004, except that the limitations period was tolled between September 9, 2004, when Petitioner filed his application for post-conviction relief, and January 28, 2008, when the South Carolina Supreme Court denied certiorari review. *Id.* § 2244(d)(2) ("The time during which a properly filed application for Sate post-conviction . . . review with respect to the pertinent judgment . . . is pending shall not be counted toward any period of limitation under this subsection."). By the filing of Petitioner's application for post-conviction relief on September 9, 2004, 341 days of non-tolled time had run since the period of limitations began on October 3, 2003. Accordingly, Petitioner had 24 days to file his § 2254 petition after the South Carolina Supreme Court denied his petition for a writ of certiorari.

Pursuant to *Houston v. Lack*, 487 U.S. 266, 270–01, the Magistrate Judge found that Petitioner filed his present § 2254 petition on June 15, 2008, the date that prison authorities received Petitioner's petition for forwarding to the court. From the stamp on the envelope accompanying Petitioner's petition, however, the prison mailroom did not receive his petition until July 9, 2008. Nevertheless, even if the court bases its calculations on the date that Petitioner placed on the petition, as the Magistrate Judge did, Petitioner still failed to timely file it. The

4

Magistrate Judge correctly concluded that 139 days passed between January 28, 2008, when the Supreme Court dismissed Petitioner's petition for writ of certiorari and, June 15, when Petitioner filed his present § 2254 petition with the court. When that time is added to the 341 days that already accrued prior to when Petitioner filed his application for post-conviction relief, a total of 480 days of non-tolled time passed; therefore, Petitioner filed his petition 115 days after the statue of limitations expired.

Relying on § 2244(d)(1)(D), which provides, "A 1-year period of limitation . . . shall run from the latest of—the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," Petitioner argues in his Objections that the statute of limitations did not begin to run until April 25, 2007 because that is when "[t]he factual predicate of the claims presented was discovered." Based on this assertion, Petitioner contends that he timely filed his § 2254 petition because, as discussed above, only 139 days had passed between the time the Supreme Court dismissed his petition for a writ of certiorari and when he filed his present petition. In his Objections, Petitioner did not state what the newly discovered factual predicate of his claims were. Based on a review of his Amended Response to Respondent's Motion for Summary Judgment, Petitioner appears to argue that he received material from the Department of Juvenile Justice on April 25, 2007,

> which included a psycho-social evaluation, and other documents which revealed that petitioner was in fact diagnosed with mental illness and was prescribed medication and that the report was shared with family court officials and others involved from a legal perspective. Trial counsel, PCR counsel and Appellate defense counsel all failed to obtain these records and the Prosecution failed to disclose this evidence as required by Brady.

(Am. Mem. in Opp. at 8.)

Petitioner further argues, "Because the newly discovered mental health evidence has a direct impact on the issue of competency, insanity and the hearing court's conclusions, summary

5

judgment on this claim may not be appropriate." (*Id.* at 9.) The court does not find that this qualifies as "newly discovered evidence," as characterized by Petitioner. Petitioner admits that the mental health records he bases his claims on came from the Department of Juvenile Justice; therefore, Petitioner should have known if he had undergone psychiatric evaluations in the past and had taken medicine for mental health problems. Moreover, the § 2244(d)(1)(D) allows the statute of limitations to begin running on the date when "the factual predicate of the claim . . . *could have been discovered* through the exercise of due diligence." Petitioner could have discovered these records prior to his September 23, 2003 guilty plea, much less April 25, 2007. Therefore, the court agrees with the Magistrate Judge that the one-year limitation period in which Petitioner could file his § 2254 petition began to run on October 3, 2003, as discussed above, and as such, Petitioner's petition is barred by that statute of limitations.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that Respondent's Motion for Summary Judgment be **GRANTED** and that Petitioner's petition be dismissed.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**September 18, 2009**
**Charleston, SC**